IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEXTER PERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-08000-KOB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

In 2016, Dexter Person pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 16, in N.D. Ala. case no. 1:15-cr-00263-KOB-TMP). The court sentenced him to 72 months imprisonment. (*Id.*). Mr. Person has moved to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255, contending that his counsel rendered ineffective assistance because (1) counsel failed to argue that Mr. Person's cousin set him up, and (2) counsel conceded that Mr. Person was not entitled to a reduction in his offense level for acceptance of responsibility. (Doc. 1). This court WILL DENY the motion because Mr. Person has not alleged facts demonstrating that counsel performed deficiently or that counsel's alleged deficiencies prejudiced him.

### I. BACKGROUND

In 2005, Mr. Person pled guilty to the felony offense of second degree assault. (Doc. 29 in N.D. Ala. case no. 1:15-cr-00263-KOB-TMP, at 20; Revised PSR ¶ 53). On January 7, 2014, after his release from prison on the assault conviction, Mr. Person fired a pistol into the air. (Doc. 29 in N.D. Ala. case no. 1:15-cr-00263-KOB-TMP, at 19). Mr. Person later admitted to

police officers that he fired the pistol, and he told them where to find the pistol. (*Id.* at 19–20). A police officer found the pistol where Mr. Person had said it would be. (*Id.* at 20).

In August 2015, Mr. Person and the Government entered a plea agreement. (Doc. 2 in N.D. Ala. case no. 1:15-cr-00263-KOB-TMP). In the same month, the court released Mr. Person on bond. (Doc. 8 in N.D. Ala. case no. 1:15-cr-00263-KOB-TMP). On August 21, 2015, he pled guilty to the federal charge of being a felon in possession of a firearm. (Doc. 29 in N.D. Ala. case no. 1:15-cr-00263-KOB-TMP, at 1). But he remained free on bond pending sentencing.

A probation officer prepared a presentence investigation report and recommended, among other things, giving Mr. Person a three-point reduction in his total offense level for acceptance of responsibility. (PSR at ¶¶ 27–28). With that reduction, his advisory guidelines range was 46 to 57 months imprisonment. (*Id.* ¶ 94).

But in December 2015, while Mr. Person was free on bond, police officers arrested and charged him for being in possession of another firearm. (Revised PSR at ¶¶ 11, 72). As a result, the probation officer revised the presentence investigation report and recommended *not* giving Mr. Person the three-level reduction in his offense level for acceptance of responsibility. (*Id.* ¶¶ 19, 28). Without the acceptance of responsibility reduction, his amended advisory guidelines range became 63 to 78 months' imprisonment. (*Id.* ¶ 94).

At the sentencing hearing, Mr. Person's counsel stated that "we don't agree with the part [of the revised PSR] about acceptance of responsibility, but other than that position . . . we didn't file any objections." (Doc. 30 in N.D. Ala. case no. 1:15-cr-00263-KOB-TMP, at 3). Counsel argued that Mr. Person "did plead. And if you took away two of his three acceptance points, which I would prefer you not, but even if you do that, I think by pleading and facilitating this

court proceeding, I still think he's entitled to at least one." (*Id.* at 5). Counsel also said: "I don't particularly want to get into [what happened] because I don't want to lock my client in any positions with the pending charge out there." (*Id.*).

To show that Mr. Person had not accepted responsibility for his actions by voluntarily terminating or withdrawing from criminal conduct, the Government called the two police officers who conducted the stop, search, seizure of the gun, and arrest, to testify. (*Id.* at 8–17). One of the officers, Deputy Rickey Shaddix, testified that, during a driver safety checkpoint, he stopped a car that Mr. Person was driving. (*Id.* at 8–10). Deputy Shaddix obtained consent to search the car from the car's owner, and found a partially zipped bag in the trunk. (*Id.* at 10–11). He testified that he could see the handle of a gun in the bag. (*Id.* at 11). Mr. Person told Deputy Shaddix that the bag belonged to him, but stated that "he did not know that that weapon was in the car." (*Id.* at 12). According to Deputy Shaddix, Mr. Person also denied that the gun was his. (*Id.* at 13). The other officer, Roger Watts, testified that when Deputy Shaddix asked Mr. Person about the gun, Mr. Person said that the gun belonged to his cousin. (*Id.* at 15–16).

The court found by a preponderance of the evidence that Mr. Person possessed the gun because it was in the bag he claimed was his, in the trunk of the car that he was driving. So an acceptance-of-responsibility reduction was not appropriate. (*Id.* at 17–18). The court sentenced Mr. Person to 72 months imprisonment, within the advisory guidelines range of 63 to 78 months imprisonment. (*Id.* at 18–19). Mr. Person asserts that, after his federal sentencing, the State dropped the charge stemming from his August 2015 arrest for being in possession of a firearm. (Doc. 1 at 16).

## II.     DISCUSSION

Mr. Person appears to raise two related claims in his § 2255 motion.  First, he contends that trial counsel was ineffective for conceding that he was not entitled to an acceptance-of-responsibility reduction.  (Doc. 1 at 14–15).  Second, he asserts that trial counsel was ineffective for failing to argue that Mr. Person's cousin set him up to be arrested in December 2015 for possession of the gun, because if counsel had made that argument, the court would have given him the acceptance-of-responsibility reduction.  (*Id.* at 4).

To prevail on a claim of ineffective assistance of counsel, Mr. Person must demonstrate *both* that (1) his counsel's performance fell below an objective standard of reasonableness; *and* (2) he suffered prejudice because of that deficient performance.  *Strickland v. Washington*, 466 U.S. 668, 684–91 (1984).  To establish deficient performance, the movant "must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms."  *Ward v. Hall*, 592 F.3d 1144, 1163 (11th Cir. 2010).  "Judicial scrutiny of counsel's performance must be highly deferential" and the court must presume "that counsel's conduct [fell] within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689.  To establish prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

The United States Sentencing Guidelines in effect at the time of Mr. Person's sentencing provide that the court must decrease a defendant's offense level by up to three levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense."  United States Sentencing Guidelines § 3E1.1(a), (b) (2015).  Application Note 1 to § 3E1.1 explained that, in determining whether to grant the defendant an acceptance-of-responsibility reduction, the court

should consider the defendant's "voluntary termination or withdrawal from criminal conduct or associations." *Id.* § 3E1.1, cmt. n.1(B) (2015). The court "is authorized to consider subsequent criminal conduct, even if it is unrelated to the offense of conviction, in determining whether a decrease for acceptance of responsibility is appropriate." *United States v. Pace*, 17 F.3d 341, 343 (11th Cir. 1994); *see also United States v. Wright*, 862 F.3d 1265, 1279 (11th Cir. 2017) ("[E]vidence of continued, but unrelated, criminal conduct after an arrest supports denial of a § 3E1.1 reduction."). "[W]hen a defendant challenges a factual basis of his sentence, the government has the burden of establishing the disputed fact by a preponderance of the evidence." *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004).

Mr. Person has not established that counsel performed deficiently. As to Mr. Person's first claim, counsel did *not* concede that Mr. Person was not entitled to the acceptance-of-responsibility reduction; in fact, he objected to the removal of the reduction. (Doc. 30 at 3). And as to Mr. Person's second claim, his assertion that counsel should have argued that his cousin planted the gun lacks merit. Counsel indicated that he would not present evidence about Mr. Person's arrest for being in possession of the gun because he did not "want to lock my client in any positions with the pending charge out there." (Doc. 30 at 5). Had Mr. Person testified under oath at his sentencing hearing, the State may have used that testimony against him in the state criminal proceedings stemming from Mr. Person's August 2015 arrest for being in possession of a firearm. And Mr. Person does not point to any other evidence that counsel could have used to support an argument that Mr. Person's cousin planted the gun. Preserving Mr. Person's Fifth Amendment rights was a reasonable strategic decision that this court will not second-guess with the benefit of hindsight. *Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of

5

hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."); *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) ("[Courts] must avoid second-guessing counsel's performance . . . .").

Second, even *if* counsel performed deficiently, Mr. Person cannot establish prejudice. In both of Mr. Person's claims, he asserts that counsel's alleged deficiencies prejudiced him by depriving him of the three-level reduction for acceptance of responsibility. (Doc. 1 at 4, 14–15). The Government submitted evidence showing that, after Mr. Person had pled guilty to the federal charge of being a felon in possession of a firearm, and while he was free on bond pending sentencing, officers searched the car he was driving and found a bag containing a gun. Although Mr. Person denied ownership of the gun, he admitted that the bag was his. In his § 2255 motion, Mr. Person states that he told counsel that his cousin had set him up, but he does not set forth what evidence counsel could have used to contradict or even cast into doubt the Government's evidence.

Mr. Person's conclusory assertion that counsel should have argued that Mr. Person's cousin set him up is insufficient to establish that counsel's purported deficient performance prejudiced him. *Cf. Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) ("A petitioner is not entitled to an evidentiary hearing . . . when his claims are merely conclusory allegations unsupported by specifics . . . ."). Because Mr. Person has not alleged facts that would establish either deficient performance or prejudice, the court WILL DENY his § 2255 motion to vacate.

Rule 11 of the Rules Governing § 2255 Cases requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Cases. The court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 338 (2003) (quotation marks omitted). This court finds that Mr. Person's claims do not satisfy either standard. The court WILL DENY a certificate of appealability.

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this 15th day of February, 2018.

*[signature]*

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE